Good morning your honors and may it please the court for the record I'm Ken Masters representing Ms. Stone and Ms. Kurosi. I'll try to reserve a few minutes for rebuttal. Keep your eye on the clock please. Thank you your honor. In its final dispositive order denying remand on appeal here the the court acknowledges our number on the amount of controversy but says that Olympic steamship fees but adds the Olympic steamship fees that fee determination is clear legal error and the district court appears to have worked backwards from the five million dollar requirement under CAFA to the jurisdictional amount by just simply filling in the gap without any evidence that attorneys fees could ever reach that that number that very high number. On the contrary Olympic steamship under Washington law is strictly limited to coverage questions. The coverage question here was dismissed in the Pierce County Superior Court on 12b6. It's a very simple question and did the court anticipate that the coverage issues may have to be re-litigated again in federal court and so therefore the anticipated but unaccrued attorneys fees for that portion would then have to be included under Olympic steamship? The court what the court said in its order the court had no held no hearings and heard no argument here through any of this proceeding so it's a little hard to tell but what the court said in its order was it was unclear why the judge 12 granted the 12b6. There's a lot of things that aren't clear and one of them is what is the coverage question? It seems to us that if you are going to if GEICO is going to argue that there's a coverage question they they should have to identify that they have the burden of proof here obviously. Identify the question show how it will come you know result and then put on some evidence under Ibarra of what those fees will be. In this case there's there's no such evidence that that that number of fees could ever reach that level and it can't under Washington law because Olympics teamship we've cited cases like McGreevy and Dayton Washington Supreme Court case that says clearly you have to segregate the fees for cover for the coverage question which was litigated for under $10,000 at the opening at the beginning of this case from any other fees that might might be recoverable for the class action. So if you segregate those that number is so small that it could never fill the gap between our number that the court accepted and and the five million dollar requirement. In addition there just simply is no. Of course I'm amazed and surprised that legal fees could ever be less than 1.3 million. Well your honor we have actually litigated this question against a number of insurers for a very small amount of money. It's just a very clear coverage question. It's all damages that were legally entitled to recover. It's very clear. It could be higher than 1.3 but not due to coverage this litigation or dispute it's all for claims based. Sure the the claim yeah the attorneys the total attorneys fees which would come out of the common fund not be added to it but come out of it those fees could be high but that would be part of our same amount in controversy that we've suggested that it appears the trial court accepted. Those would those would come out of that they wouldn't be added to it. So sure attorneys fees for the for a multi-million dollar a class action could be over a million dollars. Absolutely we would never argue that's not true but that's for the underlying claim not that comes out of the total raise and it's only these added attorneys fees that matter here. Right and we can't dispute the case law says that you can add fees where there is a clear legal basis under Washington law or the under state law for for a separate legal basis. The only legal basis separate legal basis that's ever been identified is the Olympic Steamship and Olympic Steamship your honors may know itself says when an insurance insurer has to sue to get coverage for which it paid you have to give the fees for that coverage dispute because otherwise you're not getting the full benefit of the insurance that you paid for. That is what Olympic Steamship is. It's a very narrow rule that just allows you to recover just the coverage amount and and McGreevy directly says you must segregate that and you can only recover that. So there is no evidence in this ring and actually the trial judges orders as you look if the district courts judges if you look at their or his orders what he keeps saying is he says it in writing many times the total fees in this case could be over the amount and it could be in seven figures but he never there's never the link how could the coverage action which is a very simple small thing that he says by the way at at SER 211 he says the plaintiffs are right I could dispose of the coverage question very easily but it's true it's just absolutely clear under Washington law there's coverage here and remember that our I'd also like to talk about in our complaint because of course we're supposed to look at that complaint in the original document for this purpose for under CAFA we said Geico insurers with Washington Police issued in Washington so it's only a Washington I'm looking at SER 9 right now paragraph 5.3 and 5.4 Washington insured where Geico determined the loss to be covered under its under underinsured modus covered so the very definition of the class in the original complaint says if there's a coverage question they're not in the class only those that Geico determined the loss to be covered under the undershirt motorist so we we don't really understand how they're the trial court the court did find a coverage questionnaire although no one has ever articulated what it is okay so what you're asking us to do though I just want to make sure I understand is to remand to the district court to make a evidentiary calculation evidentiary based calculation as opposed to what was presently on the record your honor your review is DeNovo and the and Geico has the burden of proof we think that you remand for for a trial court there is they failed to meet their burden of proof and it is their burden to sustain jurisdiction in in the federal court yeah that's what I wanted yeah so you don't think we should send it back for recalculation we you think we should send it back saying this this under CAFA this does not meet the requirements that's right you're on a look at the record did they put on evidence that would support a seven-figure fee award is the trial court as I say accepted our lower CAFA mounted controversy did they put on evidence member and it is very telling and you know but can we tell that can we tell what the district court was thinking here because the district court says in a related and similar class action the court concluded that the potential for actual fees incurred could easily exceed the upper bound of 1.6 plus some change million dollars relying on the district courts experience in the case as I understand the record there was no segregation between coverage and claims issues and either so it seems to me that the error in this case if there is one is in the failure to acknowledge and potentially segregate fees under steamship Olympic between coverage coverage versus claims and so shouldn't the district court have an opportunity to do that in the first instance you may be right that coverage disputes might not approach the 1.3 million dollars to cover the gap but that's the district courts role in the first instance isn't it I certainly understand what you're saying I would like to explain what happened in McGraw so it's clear in McGraw the Geico said that the fees in that case not this case that case could be that number okay and the judge said oh well then you must have known that from the time of the complaint and he sent the case back to Pierce Canada McGraw's in Pierce County Superior Court now okay he used their number which was just you know came out of thin air and he said well if that's what you think the fees are I'm sending it back because you could have known that from the outset right so that that number wasn't really established on evidence that we presented or they presented it was a you admitted that's the number so I'm sending the case back to Pierce County Superior Court I don't believe that it meets a bar to pull a number from a different case that was never established by evidence put it in here stick it in to fill the gap and say oh look we're over the that could never that could never work and unless Geico has put into this record now sufficient evidence to show that there there possibly could be a an Olympic steamship award which really is inconceivable of in seven figures that unless they have evidence of that then they failed to meet their burden and you you should remand back for a remand back to the Superior Court work which is where this this case really belongs this isn't a proper federal case there's another issue or potential area of additional factual finding and I want to see how you respond to that you proposed a number compensatory damages and Geico proposed a number and the difference is about seven hundred thousand dollars or so that the district court never really resolved the district court accepted the lower figure for purposes of this case determining conflict jurisdiction because the district court thought that any potential attorneys fees would more than easily cover the gap shouldn't we give the district court an opportunity to resolve the difference between the two proposed figures because it may be of course that would then lower the amount of Olympic steamship fees that could be included as part of the CAFA calculation well your honor first of all none of that has ever been tied to Olympic steamship so I didn't want to clear about none of it is tied to Olympic steamship but there was Geico came up with an original number that's way high that's 40% higher than our number okay we showed the district court put on evidence that it's 40 they're they've oh they're over inclusive on our basic statement in the complaint of our class but we showed they were 40% this court resolve we believe or or was it or was it that the district court said I don't need to resolve that because any attorneys fees could easily cover that well we believe that we established on the record we don't have a burden of proof here but we believe that we established on the record that their 40% too high and so that's not why he accepted the number at the end now in their appellate briefing here they've time a number that doesn't hit the CAFA number it's a page for about 40 41 of their responsive brief they've done another calculation a new calculation that does say that was never presented to the district court it was presented and then stricken by the district court and while we ask you to consider evidence that they struck that the judge struck of ours and we brought that motion Geico didn't do that so so that that's been stricken but but their own math is suggesting they can't hit the CAFA without the attorneys fees in this case in that case being hundreds of thousands of dollars again the only evidence in this record and we ask that you do consider our evidence on this shows that it would be that this exact issue was litigated for less than $20,000 if you don't have any further questions I'll reserve the remainder of my time thank you counsel may it please the court good morning my name is Dan Goldfine I'm here on behalf of Geico in general there are actually two findings of fact that the trial court made below that you'll have to address and frankly reverse finding clearly erroneous we've talked a lot about the 1.34 million dollars here what was that based on the 1.34 million dollars was based largely on the judge's experience trying to predict how this case would work out and Geico is going to challenge is so tell me the case that you rely on that says for the determination of the jurisdictional limit a judge without holding any kind of evidentiary hearing on this issue can say well I've been around a long time and I think this is what it would amount to tell me the case that says that's permissible yeah I think under Imbera and the logic in an express language of La Crosse and Libera Ibera excuse me they say that there is an unreported case in the Ninth Circuit from 2002 that squarely says when trying to predict the future attorney's fees or emotional distress damages that's the necessary a case that case squarely addresses that issue and permits it didn't extend the district court indicated the basis for his another case where there had been this your adversary says glomming together of two different things and plus in that other case it really was not a finding of the court it was just a assuming for the sake of argument it's X I still man so what about that well I think that the most important thing for this particular case he went back and looked at McGraw and frankly there is about 20 auto insurance related cases that judge settle has touched or has been looking at he went back and looked at those and used his experience and came to the conclusion and if I may just the posture here's a little bit different than what plaintiff's counsel has suggested the court did make a finding of fact that there was more than six million dollars worth of damages at risk in this case that finding in fact was based on rule 56 like evidence depositions declaration evidence exhibits made that finding a fact post that finding in fact they moved twice for reconsideration in the concept in the context of moving for I'll accept he didn't agree he didn't make a finding a fact that their damages analysis based on their interpretation of the complaint their downsizing of the complaint in order to fit it outside of CAFA they didn't agree that that was right his original finding a fact stay there he just said to be candid he just said I don't need to address this issue because I know based on my experience and based on the submission here also supplemented by the evidence of both parties you know as part of the second motion for reconsideration that the plaintiffs filed supplemented by evidence of both parties that this case will in fact have fees that are more than 1.3 million dollars making it well making above the five million dollar thresholds even if they were to accept the smaller number which is dependent on redefining the class in this case so as I said there's two finding a fact so 1.3 million dollars that you'd have to reverse and finds clearly erroneous and the six million dollars plus from the original motion to remand on damages absent that the case has to be affirmed and absent both of those findings I'd like to to address the segregation issue plaintiffs suggest that this is just an easy case that coverage isn't at the here I think what the model for this court to look at is the King County case King County case was fully litigated to fruition challenging throughout coverage coverage related issues and the entirety of fees were applied there there wasn't a segregation and as at this posture in determining what potentially is the amount at stake for this court to determine or Frank for the Geico it's not only the general coverage language as the court address saying there could be differences interpretation of the policy but also whether or not coverage was triggered by the name to name plaintiffs or the class reps or excuse me the absent class members or whether or not the cut whether or not the damages suggested the injury suggests out the damages the injury suggested is the type of injury that's cognizable under Washington law those cases those issues are going to be litigated at class cert with the pending class cert motion through regular discovery through dispositive motions they're going to be litigated pretrial motions they're going to be litigated at trial and if Geico loses Geico is going to litigate at appeal the coverage issues it's not just this simple case that they can throw out that and again the standard of care and that the standard here not standard care the standard here is not what was likely resolved as the plaintiffs suggested here the standard is what is potentially the amount at stake the reality at stake here and that is in fact the reality I'd like to address three misstatements made in their briefs if I have a couple minutes here the first mistake can I ask you a question before you get to that even if you're right that the potential fees at stake could easily be in excess of 1.3 million dollars well let's say it's 1.8 million dollars what amount of that is attributable to coverage versus claims that's a determination that has to be made by the district court and as I understand the district courts order nine remand and also the order on we don't know on this record do we which portion the district court thought well I think that on a projected basis could be tied solely to coverage issue which is what the Olympic steamship is all about because the Washington courts tried to segregate if you're able to do that and in this case where coverage is more of a legal issue and then the rest seem to be more factual issues it seems to me that the district court could segregate it and I didn't see any attempt to do so on this record you're absolutely correct that there is no attempt to segregate out on this record but I think that that's a misreading of the way the Olympic steamship and the McGreevy exception applies the McGreevy exception is the narrow and this is the flip of what the plaintiff said if you read the cases and it's not I can't do the who shot who here you'll have to go back to the briefs their brief at 38 for 39 and our brief at 20 to 24 to get to this but the exception under Olympic steamship is very narrow it's the amount of fees exception and it's the rule under Olympic steamship the general rule if a litigant if named class members or the absent class members if they have to fight it to win they get their fees and it's only if there's a separate than the only case under Washington law is if there's a separate distinct hearing for all liability resolution here so in fact the court did what's correct here which was not do the segregation promoted by plaintiffs below to separate out what he was guessing at it the way this case may again under the standard that this court has to apply here the way that this case may be played out is that Geico fights coverage the aspects of coverage from today to appeal and that's the judge made his ruling based on that he says that you know in essence and I don't think under dark Cherokee district courts are required to have a full-blown evidentiary hearing on every issue they're they're they're expected to take evidence and taking place here but they're also not expected to divorce the reality at stake that's the language of the Ninth Circuit uses quite frequently and that's and that's what took place below the segregation does not have to occur to come to what might be at stake for the parties here the other thing I would like to say on the common fund evidence that was presented that's the type of and again there seems to be some divorce here that the common fund evidence where courts say that these are reasonable attorneys fees somehow doesn't reflect what might be at stake at this at this case I mean you have to have earned the common fund evidence the court has to make that fun finding and these cases either get resolved these particular series of cases brought by the same lawyers here either get resolved by defendants winning on a dispositive motion or appeal or there's a settlement getting all the way to trial there's not an example for the court so the court the trial court did what he could do and to challenge that based on some sort of segregation that's not required under Washington law frankly I don't think it's fair to the trial court getting back to the three misstatements in the record the first misstatement has to do with the complaint and they repeated that misstatement here the initial and amended come on you want courts of appeals to be fair to district courts never heard of that we can hope so both the plaintiffs initial amended complaint expressly provide and this paragraphs 5.3 and 5.5 and can be found in the excerpts of record our excerpts of record at 9 and 26 to 27 that the class quote includes all insureds without use of their vehicles for a day or more at any point in time during the entire period that they were without their use of the vehicle for which Geico didn't fully pay them the to get to their smaller number this is why the 6.4 number is the six million dollar number excuse me is the finding of fact is supported by substantial evidence to get to that number they have to change the allegation they have to modify it and this court's decision in Roth the Supreme Court's decision in Knowles clearly bars their ability to do that to maneuver around kappa diversity jurisdiction the second misstatement is in their burden shifting argument they complained that the point that the judge shifted the burden that's not what took place here and their arguments based on basically they don't even ellipsis it out they just omit the two following sentences that the judge said judge took evidence on the six million dollars of damages he took the evidence of Mr. Antonacci declaration he he took it Mr. Antonacci explained how he got to the class size the judge accepted that and I'll quote the trial court quote more importantly Geico's Antonacci specifically addressed the failure to exclude these insureds from his search from his search Antonacci declaration paragraph 14 open parenthetical the exclusion requires a claim-by-claim analysis plaintiffs failed to counter this evidence as I understand the way things are supposed to work and obviously you all know better than me is that if if one party presents evidence the other side fails to counter it that's the that's the end and that's what on the six million dollar plus for damages absent any fees that's what the court found and then the last misstatements which is at page 13 of their brief having to do with the state court ruling they they seem to walk a bit away from this misstatement they state that the state court resolved the coverage issue that's not the case the state court denied a motion to dismiss there could be many grounds and frankly the the trial court thought maybe Geico didn't brief it very well the reality of it is there could be multiple interpretations the plaintiffs that at that point in time the name plaintiffs was only stone Kurosi hadn't joined the case they might not have you know they you know as alleged there might be a factual dispute as to whether they triggered coverage or whether they suffered a cognizable injury these are the issues that are going to be tried in this case and to suggest that coverage was resolved or easily resolved as belied by I believe it's page 26 of their brief where they say oh it's open for summary judgment dispute plaintiffs concede that in fact coverage is going to be litigated at summary judgment we think this dispute if not resolved at class cert for a variety of reasons that Geico will be you know through summary judgment trial and appeal what seems like the district court thought the coverage issue could be easily resolved as well I don't believe there's a finding a fact of that well this is the motion the order on the motion for reconsideration at the time of removal plaintiffs asserted a claim for denial of coverage which opens the door for recovery of attorneys fees under Olympic steamship while plaintiffs are correct that the court could easily dispose of any coverage issue or at the conclusion of the matter limit such fees the potential for the award treating it all together essentially or could easily exceed the amount required to cover the gap in CAFA jurisdiction because it's highly litigate highly contested action so that seems to me the district court clearly expressed its view there yes you know we have an apple and orange he's already at the posture of he's out he's decided the finding of fact that there's more than six million dollars he's gotten a second motion for reconsideration and all he's saying that they could possibly rewrite absolutely that's what litigation is about both sides could be possibly right that in fact coverage could be resolved but again coverage is a broad issue under Washington law and under steamship and I again point you to if I may I've exceeded my limit if I may finish the answer question I point you to King County in that case and how it plays out in reality is that all the issues the coverage and the coverage related issue whether there's a trigger to coverage whether the the injury sustained is a cognizable injury under the under state law for coverage those are issues that get fought out through a you know it's a bit perverse that I have to argue this they were to proceed they would certainly argue that they were entitled to all of their attorneys fees all right I think you've got some additional time for rebuttal counsel thank you very much for just three quick points first of all this is not a downsizing the guy who continues sorry we're downsizing our initial complaint which I read to you says the class is this big for instance in the Knowles case you have standard fire Supreme Court case there was a class that was this big set you know seven million dollars or something and what the plaintiffs did was say oh we'll let go of the two million dollars of that they didn't say we're not bringing all those claims they said we'll let go and the Supreme Court said you can't do that because the class hasn't been established we're starting here we're saying only people that Geico determined the loss to be covered under the uninsured most covered would be included so if there is a coverage dispute they would be excluded from the class right that's the first thing counsel read to you the second part he read he said who received payment for substitute transportation he was reading from Geico during the entire period that they were without use of the vehicle he said we misrepresented that he left out the first part of the sentence which is excluded from the class okay that's paragraph 5.4 are those who receive payment for substitute transportation it's exactly we are being very honest with the court about what that is I also want to point out two other things first of all what the judge did here would basically destroy that cap of five million dollar limit if you can just say okay whatever the number is and he did appear to accept our number at the end I'm gonna fill that gap if you can work backwards that's not the kind of reasoning that I think a bar a logical reasoning a bar requires they require this court requires evidence to support that gap filling that doesn't exist in this case and and then the last thing I want to say is since the class only includes people who Geico has determined to be covered they've actually paid the UIM claims in this case okay it would certainly be the the reason why I've heard to this moment Geico tell you what the coverage dispute is is because it would be the height of bad faith for them to turn around now having paid the claims and claim there's a coverage dispute and that opens up a totally different can of worms which I believe would be a separate cause of action under IFCA and other Washington law for bad faith violation of their duties under their contract this is a pure breach of there's coverage they didn't provide all the coverage available that's all this is and coverage is really a non-entity or non-issuer thank you very much all right we've got the argument thank you very much both sides matter submitted for a decision
judges: Fernandez, Nguyen, Rakoff